IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 21, 2008

Charles R. Fulbruge III
Clerk

No. 07-11262
Summary Calendar

COURTNEY M TISCHENDORF

Petitioner-Appellant

V.

GINNY VAN BUREN

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CV-273

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Courtney M. Tischendorf, federal prisoner # 33920-177, is serving a 33-month sentence for embezzlement by a bank employee in violation of 18 U.S.C. § 656. She appeals the dismissal of her 28 U.S.C. § 2241 petition challenging the regulations used by the Bureau of Prisons (BOP) to determine an inmate's eligibility for transfer to a halfway house.

Tischendorf seeks an order from this court to the BOP to consider releasing her to a halfway house "at the point in time where she has 180 days

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

remaining on her sentence." Because her scheduled release date is September 23, 2008, the date 180 days prior to that date passed on March 27, 2008. She also requests that we order the BOP to consider transferring her to a halfway house "prior to [June 29, 2008], with no less than 180 days left before her release." The BOP previously indicated that it would consider transferring Tischendorf to a halfway house on June 29, 2008. On April 9, 2008, Congress amended the statutory provisions granting authority to the BOP to determine an inmate's eligibility for halfway house placement. See Second Chance Act of 2007, Pub. L. No. 110-199, § 251(a), 122 Stat. 657, 692-93 (April 9, 2008), 18 U.S.C. § 3624(c). The parties have not addressed the amendment or its effect upon the instant appeal. Nor has this court previously addressed a claim such as Tischendorf's. Because her eligibility date has passed, however, no effective judicial remedy exists. Accordingly, we must DISMISS the appeal as moot.